Van Brunt, P. J.
In June, 1886, the defendants con-tracted with the plaintiff to convey to him certain premises in the city of New York for the price of $12,500, $500 of which was then paid. The plaintiff objected to taking the ■title on the ground that it was not marketable, and thereupon commenced this action to recover back the $500 and the disbursements made in the examination of the title. It appears that the premises in question were owned in 1879 *456 by one Margaret Le Oompte, who .then died, leaving a will dated September 24, 1878, proved September, 19, 1879, by which she devised one-fifth of the premises to each of her daughters and one-fifth to four grandchildren, the children of a- deceased daughter. She appointed the defendants, Matilda and Josephine Lé Oompte, Jules G-laentzer, husband of the defendant Jane Glaentzer, and Richard A. Banta, husband of the defendant Henrietta Banta, her executrices and executors, with power to sell and dispose of all her estate. Letters testamentary were duly issued. By deed dated April 15, 1882, acknowledged on the same day and recorded May 16, 1882, the executors convened the premises in question for the consideration named in said deed of $8,850 to one Joseph Le Oompte, a first cousin of the defendants. By deed bearing the same date, acknowledged on the same day and recorded on the 22d of May, 1882, Le Oompte and wife immediately conveyed the premises for the consideration named therein of $10,000 to the said Matilda, Josephine, Jane and Henrietta.
In 1883 an accounting was had before the surrogate of the proceedings of the executors, and in the account appeared the following statement:
“ I sold house and lot * * * to Joseph Le Oompte for $8,850, less mortgage, $6,000.” "
At this time three of the grandchildren were minors and were represented by special guardian, and the other was an adult represented by his attorney.
It appeared upon the trial that the premises were sold with other property at public auction, and all bought by the same party; that no part of the purchase money was then or ever paid to the auctioneer, and there was no evidence that any was ever paid to any person by or on behalf of Joseph LeCompte; that neither the special guardian of the infants Stohr, nor their father, nor their brother, Vincent L. Stohr, had then, nor until a long time after the termination of the proceedings, any knowledge, information or suspicion that such conveyance had been made; that the-special guardian had commenced proceedings before the surrogate to vacate the decree, which proceedings were still pending. It does not appear that any evidence was given or offered at the trial relative to the reason or consideration for such conveyance or any negotiation or agreement therefor, or the circumstances attending its execution or delivery.
These facts certainly would put tbe plaintiff upon inquiry. The circumstances attending the sale of this property, and its immediate conveyance to the executors, are certainly suspicious and might result upon a proper application made on behalf of the infant heirs or the adult- *457 heirs who were ignorant, of the transaction in the setting aside of such sale, notwithstanding the decree of the surrogate passing upon the accounts of the executors.
The fact of the want of objection at the time of the passing of the accounts before the surrogate cannot be held to be a ratification, because the evidence shows that at that time the infant and adult grandchildren were ignorant of the fact if such fact existed that the executors were the real purchasers at the auction sale.
Under these circumstances the plaintiff, in taking the title, would have been compelled to subject himself to the risk of having his conveyance set aside upon an application made on behalf of the infants. He was not bound to take this risk, and, therefore, had a right to decline to take the warranty deed tendered, and to demand back the purchase money, and to recover the expenses which he had been put to in the examination of the title in question.
The exceptions should be overruled and judgment entered for plaintiff upon the verdict, with costs.
Brady and Daniels, JJ., concur.